RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 1-15-04

**U.S. DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERK'S OFFICE

2004 JAN 15 P 12:00

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| VINCENT AMARA,<br>    Plaintiff<br><br>v.<br><br>AUDREY REVERT, AMTRAK and<br>CRAWFORD RISK MANAGEMENT<br>SERVICE,<br>    Defendants | CIVIL ACTION NO.<br><br>04-10094 GAO |

MAGISTRATE JUDGE Alexander

## NOTICE OF REMOVAL

The defendants, Audrey Revert, Amtrak and Crawford Risk Management Service, through their attorneys, the Law Offices of John J. Bonistalli, respectfully state upon information and belief:

1. On December 11, 2003, the defendant Amtrak received the Summons and Complaint in this action which is currently pending in Suffolk Superior Court. A copy of the Summons and Complaint is annexed hereto as Exhibit A. The Summons; Complaint; Plaintiff's Interrogatories to be Answered Under Oath by the Defendant, Audrey Revert; and Plaintiff's Request for Production of Documents to the Defendant, Audrey Revert constitute the prior pleadings to date.

2. On January 21, 2002, the plaintiff, Vincent Amara, allegedly sustained personal injuries when his vehicle collided with a vehicle owned by the defendant, Amtrak, and operated by the defendant, Audrey Revert.

3. The defendants are removing this action because the defendant, Amtrak, was created by an Act of Congress, 49 U.S.C. §24101, et seq., and more than one-half of its capital stock is owned by the United States. Thus, the above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, U.S.C. §§1331 and 1349 and is one which may be removed

to this Court by the defendant therein, pursuant to the provision of Title 28, U.S.C. §1441.

WHEREFORE, the defendants respectfully request that the action now pending against them in Suffolk Superior Court be removed therefrom to this Court.

>                                    Defendants, Audrey Revert, Amtrak and
>                                    Crawford Risk Management Service,
>                                    By their attorneys,
>
>                                    /s/ Sharon H. Church
>                                    John J. Bonistalli; BBO # 049120
>                                    Sharon H. Church; BBO # 640878
>                                    LAW OFFICES OF JOHN J. BONISTALLI
>                                    One Financial Center
>                                    Boston, MA   02111
>                                    (617) 695-3755

Dated: January 14, 2004

# **EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                    SUFFOLK SUPERIOR COURT
                                                 CIVIL ACTION NO.: SUCV2003-04854-E

VINCENT AMARA,
    Plaintiff

v.

AUDREY REVERT, AMTRAK, and
CRAWFORD RISK MANAGEMENT
SERVICE,
    Defendants

## COMPLAINT AND JURY DEMAND

1. The Plaintiff, Vincent Amara, is an individual who resides at 789 Shirley Street, Winthrop, Suffolk County, Massachusetts.

2. The Defendant, Audrey Revert, is an individual who resides at 543 Broadway, Apartment #1, Everett, MA 02149.

3. The Defendant, Amtrak, also known as National Railroad Passenger Corp. (hereinafter referred to as "Amtrak") is a corporation with a usual place of operation located at 100 Widett Circle, South Boston, Suffolk County, MA 02118.

4. The Defendant, Crawford Risk Management Services (hereinafter referred to as "Crawford") is a corporation with a usual place of operation located at P.O. Box 3427, Fairfax, VA 22038, whom knowingly insured a Massachusetts corporation.

### Count One

5. On or about January 21, 2002, the plaintiff, Vincent Amara was operating a motor vehicle that was heading east in the left hand lane of Route 16 in Medford, Massachusetts, near the Craddock Bridge & Main Street Exit.

6. On or about January 21, 2002, the defendant, Audrey Revert, was operating a motor vehicle, without a valid license, owned by Amtrak, directly behind the

plaintiff's vehicle heading east in the left hand lane of Route 16 in Medford, Massachusetts, near the Craddock Bridge & Main Street Exit.

7. It was the duty of the defendant, Audrey Revert, to operate said motor vehicle with due care and caution, in accordance with the applicable ordinances and statutes in effect at the said time and place.

8. Not regarding the duty as aforesaid, the defendant, Revert, was guilty of one or more of the following careless and negligent acts and/or omissions:

    (a) Carelessly and negligently failed to stop with traffic.

    (b) Carelessly and negligently failed to maintain a proper lookout;

    (c) Carelessly and negligently failed to maintain proper control over said motor vehicle; and

    (d) Carelessly and negligently operated said motor vehicle at an excessive and dangerous rate of speed in light of the traffic and weather conditions then and there present.

9. As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions, the motor vehicle operated by the defendant, Revert, violently collided with the motor vehicle being operated and occupied by the plaintiff.

10. As a direct and proximate result of the aforesaid, the plaintiff suffered injuries of a personal and pecuniary nature, including, but not limited to, lost wages, medical expenses, damage to property, pain and suffering, and emotional trauma.

    WHEREFORE, the plaintiff, Vincent Amara demands judgment against the defendant, Audrey Revert, in an amount to be determined by the trier of fact.

## Count II

11. The Plaintiff reasserts and incorporates y reference the allegations contained in paragraphs 1 through 10 of this Complaint as effectively as if they were separately set forth and alleged.

12. As the owner of the vehicle operated by the Defendant, Audrey Revert, and/or under the principle of *respondeat superior*, the Defendant, Amtrak, is liable to the Plaintiff, Vincent Amara, for the negligence of the Defendant Audrey Revert.



WHEREFORE, the plaintiff, Vincent Amara demands judgement against the defendant, Amtrak, in an amount to be determined by the trier of fact.

### Count III

13. The Plaintiff reasserts and incorporates by reference the allegations contained in Paragraphs 1 through 12 of the Complaint as effectively as if they were separately set forth and alleged.

14. The Plaintiff submitted a bodily injury claim to the Defendant, Crawford Risk Management Service, as a result of the accident described herein in that the Defendant, Crawford was the insurer of Amtrak.

15. At all times herein mentioned, the Defendant, Crawford, engaged in unfair and/or deceptive acts or practices as prohibited by Massachusetts General Laws Chapter 176D and Massachusetts General Laws Chapter 93A in that the Defendant, Wausau failed to comply with the provisions of M.G.L. Chapter 176, and failed to effect a prompt and fair settlement of the claim of the Plaintiff.

16. On or about June 16, 2003, the Plaintiff caused to be served upon the Defendant, Wausau a demand under the provisions of Massachusetts General Laws Chapter 93A, subdivision (3) of Section 9, demanding satisfaction under M.G.L. Chapter 93A in that the Defendant, Wausau, failed to conform with Massachusetts General Laws Chapter 176D.

17. The Defendant, Crawford, failed to respond to such notice with a fair and equitable offer of settlement, and, in bad faith, has refused to grant the relief sought by the Plaintiff.

20. As a result of the unfair and deceptive acts and practices of the Defendant, Crawford, the Plaintiff has suffered both monetary and emotional damages.

WHEREFORE, THE PLAINTIFF, VINCENT AMARA, DEMANDS JUDGMENT AGAINST THE DEFENDANT, CRAWFORD, FOR DAMAGES TO BE DETERMINED BY THE TRIER OF FACT, WHICH DAMAGES THE PLAINTIFF REQUESTS THIS HONORABLE COURT TO ISSUE IN TREBLE DAMAGES PLUS REASONABLE COSTS AND ATTORNEY'S FEES.

### JURY DEMAND

Pursuant to the provisions of MASS. R. CIV. P. Rule 38, the Plaintiff demands a trial by jury on all issues so triable.



Respectfully Submitted
Vincent Amara, Plaintiff
By his attorney,

PHILIP R. BONCORE
Law Office of Philip R. Boncore, P.C.
1140 Saratoga Street
East Boston, MA 02128
(617) 561-0999
BBO#: 048940

Date: 10/9/03



# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. SUCV2003-04854-E

Vincent Amara _____, Plaintiff(s)

v.

Audrey Revert, Amtrak, and
Crawford Risk Management Service _____, Defendant(s)

## SUMMONS

To the above-named Defendant: Audrey Revert, 543 Broadway, Apt. #1, Everett, MA 02149

You are hereby summoned and required to serve upon Philip R. Boncore

plaintiff's attorney, whose address is 1140 Saratoga St., E. Boston, MA 02128, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the _____ day of _____, in the year of our Lord two thousand _____

Michael Joseph Donovan
Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM CIV. P. 1 3rd Rev.