U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

VINCENT AMARA, )
    Plaintiff )
 )
v. )
 ) **CIVIL ACTION NO. 04-10094 GAO**
AUDREY REVERT, AMTRAK and )
CRAWFORD RISK MANAGEMENT )
SERVICE, )
    Defendants )

## DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND DEMAND FOR JURY TRIAL

Now come the defendants, Andrey Revert, Amtrak and Crawford Risk Management Service ("defendants"), in the above-entitled action and hereby answer the numbered paragraphs of the plaintiff's Amended Complaint as follows:

1. The defendants are without sufficient information to either admit or deny the allegations contained within paragraph 1 of the plaintiff's Amended Complaint.

2. The defendants admit the allegations contained within paragraph 2 of the plaintiff's Amended Complaint.

3. The defendants admit that the defendant, Amtrak, is also known as National Railroad Passenger Corporation but deny that Amtrak has a usual place of operation located at 100 Widett Circle, South Boston, Suffolk County, MA 02118. The defendants further answer that Amtrak is a railroad corporation duly established by law, pursuant to the provisions of 45 U.S.C.A., Section 301, et seq., and that it has a usual place of business in Boston, Massachusetts. The defendants further answer that Amtrak's principal office is at 60 Massachusetts Avenue, Washington, D.C.

4. The defendants deny the allegations contained in paragraph 4 of the plaintiff's Amended Complaint.

## COUNT I

5. The defendants are without sufficient information to either admit or deny the allegations contained within paragraph 5 of the plaintiff's Amended Complaint.

6. The defendants deny the allegations contained within paragraph 6 of the plaintiff's Amended Complaint.

7. The defendants admit the allegations contained within paragraph 7 of the plaintiff's Amended Complaint.

8.(a-d). The defendants deny the allegations contained within paragraph 8 of the plaintiff's Amended Complaint.

9. The defendants deny the allegations contained within paragraph 9 of the plaintiff's Amended Complaint.

10. The defendants deny the allegations contained within paragraph 10 of the plaintiff's Amended Complaint.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment against them as alleged in his Amended Complaint.

## COUNT II

11. The defendants hereby repeat and incorporate by reference herein their responses to the allegations contained within paragraphs 1 through 10 of the plaintiff's Amended Complaint.

12. The defendants deny the allegations contained within paragraph 12 of the plaintiff's Amended Complaint.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment against them as alleged in his Amended Complaint.

## COUNT III

13. The defendants hereby repeat an incorporate by reference herein their responses to the allegations contained within paragraph 13 of the plaintiff's Amended Complaint.

14. The defendants are without sufficient information to either admit or deny the allegations contained within paragraph 14 of the plaintiff's Amended Complaint.

15. The defendants deny the allegations contained within paragraph 15 of the plaintiff's Amended Complaint.

16. The defendants deny the allegations contained within paragraph 16 of the plaintiff's Amended Complaint.

17. The defendants deny the allegations contained within paragraph 17 of the plaintiff's Amended Complaint.

18. The defendants deny the allegations contained within paragraph 20 of the plaintiff's Amended Complaint.

WHEREFORE, the defendants deny that the plaintiff is entitled to judgment against them as alleged in his Amended Complaint.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE
And further answering, the defendants state that the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE
And further answering, the defendants state that the plaintiff's claims are barred for failure to join one or more indispensable parties.

THIRD AFFIRMATIVE DEFENSE
And further answering, the plaintiff's Amended Complaint is barred by the applicable statute of limitations.

FOURTH AFFIRMATIVE DEFENSE
And further answering, if the defendant, Andrey Revert, did negligently engage in any activities as described in the plaintiff's Amended Complaint, which the defendants deny, then the defendant, Andrey Revert, was not acting within the scope of his employment and recovery against the defendant, Amtrak, is barred as a result.

FIFTH AFFIRMATIVE DEFENSE
And further answering, the defendants state that if they were guilty of any negligence proximately causing the injuries and damages set forth in the plaintiff's Amended Complaint, all of which the defendants expressly deny, then the plaintiff is guilty of negligence contributing to cause said injuries and damages.

SIXTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff's Amended Complaint should be barred because the plaintiff was guilty of negligence which was a contributing cause of his injuries and which negligence was greater than the amount of negligence, if any, attributable to the defendants, or alternatively, the plaintiff's claim should be reduced by the amount of the plaintiff's negligence.

SEVENTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the actions or inactions of the defendants were not the proximate cause of the plaintiff's alleged injuries and damages, but said injuries and damages, if any, were the result of other intervening and superceding causes for which the defendants were not responsible.

EIGHTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the acts or failures to act alleged in the plaintiff's Amended Complaint were committed or omitted, if at all, by parties for whose conduct or inaction the defendants were not, and are not, legally responsible.

NINTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that the plaintiff's claims are barred because the plaintiff has failed to mitigate the damages claimed, or alternatively, the damages are limited to the extent that the plaintiff has failed to mitigate them.

TENTH AFFIRMATIVE DEFENSE

And further answering, the defendants state that if they were negligent, as alleged in the plaintiff's Amended Complaint, which negligence they deny, then such negligence was not the cause of the plaintiff's alleged injuries or damages.

WHEREFORE, the defendants, Andrey Revert, Amtrak and Crawford Risk Management Service, respectfully request that this Court:

1. Deny the relief sought by the plaintiff in his Amended Complaint and dismiss said Amended Complaint with prejudice;

2. Award the defendants their reasonable costs and attorney's fees; and

3. Order such other and further relief as the Court deems just and proper.

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES.**

>Defendants, Andrey Revert, Amtrak and
>Crawford Risk Management Service,
>By their attorneys,
>
>*/s/ Sharon H. Church/*
>John J. Bonistalli; BBO # 049120
>Sharon H. Church; BBO # 640878
>LAW OFFICES OF JOHN J. BONISTALLI
>One Financial Center
>Boston, MA   02111
>(617) 695-3755

Dated: April 20, 2004

## CERTIFICATE OF SERVICE

I, Sharon H. Church, attorney for the defendants, Audrey Revert, Amtrak and Crawford Risk Management Service, hereby certify that a true copy of the foregoing Defendants' Answer to Plaintiff's Amended Complaint, Affirmative Defenses and Demand for Jury Trial was mailed first class, postage prepaid, this 20th day of April, 2004 to:

Philip R. Boncore, Esquire
LAW OFFICES OF PHILIP R. BONCORE, P.C.
1140 Saratoga Street
East Boston, MA 02128

_____
Sharon H. Church