U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VINCENT AMARA,<br>     Plaintiff,<br><br>v.<br><br>ANDREY REVERT, AMTRAK and<br>CRAWFORD RISK MANAGEMENT<br>SERVICE,<br>     Defendants. | CIVIL ACTION NO. 04-1094 GAO |

### DEFENDANTS' MOTION TO STAY OR SEVER "UNFAIR SETTLEMENT" CLAIMS

NOW COME the defendants, by their counsel, and respectfully request that the claims brought by the plaintiff under Count III of his Complaint be stayed pending trial of the underlying claims or, in the alternative, that the Count III claims be severed for trial. In support of this motion, the defendants state the following:

1. The instant case arises from a motor vehicle accident in which plaintiff's vehicle allegedly was struck from behind by a pickup truck owned by Amtrak and operated by Andrey Revert ("Revert"), an employee of Amtrak. Plaintiff allegedly sustained injuries as a result of the accident. Because Amtrak is self-insured, the claim was investigated by a third-party claims adjuster, Crawford Risk Management Service ("Crawford"). Prior to the involvement of counsel, Crawford also engaged in settlement negotiations (including mediation) with the plaintiff.

2. The plaintiff has brought suit against Revert on a theory of negligence, against Amtrak on a theory of *respondeat superior*, and against Crawford on a theory of unfair settlement practices pursuant to M.G.L. c. 93A and 176D.

3. The defendants would be prejudiced – and the jury would be confused – if all three claims were to be tried together. Plaintiff's claims of negligence and *respondeat superior* are obviously related and should be tried together. The unfair settlement claims, however, cannot be put to the jury and should be severed or stayed.

4. Plaintiff is not entitled to a jury trial on his M.G.L. c. 93A claim. Nei v. Burley, 388 Mass. 307, 315 (1983) ("[T]here is no right to a trial by jury for actions cognizable under G. L. c. 93A"). Accordingly, even if those claims were to be tried together, evidence pertaining to unfair settlement practices would have to be separated from the other evidence, so that it could be presented privately to the judge.

5. Moreover, judicial economy argues in favor of staying the unfair settlement practices claims: Until the question of liability is resolved, there is no need to address the question of settlement practices. Clegg v. Butler, 424 Mass. 413, 417 (1997) (It is an unfair claim settlement practice for an insurer to fail "to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.")

6. Under the circumstances, the sensible thing to do would be to stay the claims against Crawford until such time as the underlying claims have been tried and resolved. See, M.J. Flaherty Company vs. United States Fidelity & Guaranty Company, ___ Mass.App.Ct. ___ (2004-116) (Docket No. 03-P-422) (June 18, 2004) (noting that where a claim of unfair settlement practices is tacked onto an underlying claim, "Superior Court judges may take the sensible step of staying the unfair settlement claim pending the

outcome of the underlying negligence claim"); <u>Bobick vs. United States Fidelity & Guaranty Insurance Company</u>, ___ Mass.App.Ct. ___ (2003-058) (Docket No. 01P-139) (January 3, 2003) (noting, on appeal, that unfair settlement claims against insurers had been stayed by the Superior Court pending determination of the underlying negligence claims).

In light of the foregoing, the defendants request that the unfair settlement practices claim, brought by the plaintiff in Count III of his complaint, be stayed until the other claims have been resolved at trial. In the alternative, the defendants request that the unfair settlement practices claims be severed from the underlying negligence case for purposes of trial.

Respectfully submitted,

The defendants,

By their counsel,

John J. Bonistalli, BBO # 049120
LAW OFFICES OF JOHN J. BONISTALLI
One Financial Center
Boston, MA 02111
(617) 695-3755

3